UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN MORGAN DALY, | |
| Plaintiff, | CASE NO. C18-1444-RAJ-MLP |
| v. | |
| SKAGIT COUNTY, | REPORT AND RECOMMENDATION |
| Defendant. | |

## I.   INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff Justin Daly is currently confined at Western State Hospital ("WSH") in Lakewood, Washington. The claims asserted in this action arise out of Plaintiff's confinement at the Skagit County Justice Center ("SCJC"), which immediately preceded his transfer to WSH. Plaintiff alleges in his amended complaint that because of his inability to read and write, he was incapable of using the SCJC's S-phone system and was therefore unable to file grievances, access the courts, or communicate with loved ones. (Dkt. # 7 ("Am. Compl.") at 3.) Plaintiff further alleges that his rights were violated when he was placed in "seclusion" for nine months where he had nothing to do, again because of his inability to read or write. (*Id*.) Plaintiff identifies Skagit County as the sole

Defendant in his amended complaint. (*See id*. at 1, 2.) He seeks damages. (*Id*. at 4.)

Defendant now moves to dismiss Plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. # 16 ("Mot.").) Defendant moves, in the alternative, for summary judgment. (*See id*.) Because the Court relies upon matters outside the pleadings in resolving Defendant's motion, the Court treats the motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d). Plaintiff has been advised of the summary judgment requirements pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), but has filed no response to Defendant's motion. The Court, having reviewed Plaintiff's amended complaint, Defendant's motion for summary judgment, and the balance of the record, concludes that Defendant's motion should be granted, and that Plaintiff's amended complaint and this action should be dismissed with prejudice.

## II.   DISCUSSION

### A.   Applicable Standards

#### 1.   Summary Judgment Standard

Summary judgment is appropriate when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. The moving party can carry its initial burden by producing affirmative evidence that negates an essential element of the nonmovant's case, or by establishing that the nonmovant lacks the quantum of evidence needed to satisfy its burden of persuasion at trial. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102

(9th Cir. 2000). The burden then shifts to the nonmoving party to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must draw all reasonable inferences in favor of the nonmoving party. *Id*. at 585-87.

In supporting a factual position, a party must "cit[e] to particular parts of materials in the record . . .; or show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 585. "[T]he requirement is that there be no *genuine* issue of material fact. . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52.

The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient[]" to defeat summary judgment. *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Nor can the nonmoving party "defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements." *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).

### 2. *Section 1983 Standard*

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978). However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury, and must demonstrate that the municipality, through its deliberate conduct, was the "moving force" behind the injury alleged. *Board of Commissioners of Bryan County v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).

### B.  S-phone Communication System

Plaintiff asserts in his amended complaint that he cannot read or write. (Am. Compl. at 3.) He further asserts that because all inmate grievances, money transactions, and outside communications must be accomplished through the S-phone system, and because the SCJC provided no alternatives to the S-phone system, he was unable to request help, communicate with loved ones, or complain about rights violations during the course of his confinement there. (*Id*.)

The S-phones at the SCJC are electronic devices with touch-sensitive screens similar to a tablet computer. (Dkt. # 17 ("Storie Decl.") at 3.) The devices are located in the housing pods and are used for phone calls, video visitation, inmate requests, medical requests, and commissary. (*Id*.) The S-phones also permit access to the jail handbook and to an online law library. (*Id*.) In order to submit an inmate request or grievance, an inmate logs in on the S-phone

using their inmate number and then selects an appropriate menu item. (*Id*.) Once a selection is made, a keyboard appears on the screen which allows the inmate to type information detailing their request. (*Id*.) Inmates can request assistance from staff if they do not understand how to use the system. (*Id*.)

In addition to the kite system accessible through the S-phones, inmates can access jail staff and make requests by using the intercom button in their cells which contacts the control room and by contacting staff directly during such times as meal service and medical pass. (*Id*. at 4.)

### 1.     Access to Grievance Process/Courts

To the extent Plaintiff intends to allege in this action that he was denied access to the grievance process because of his inability to use the S-phone system, he fails to state any claim upon which relief may be granted because a prisoner plaintiff does not have a constitutional right to a specific grievance procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Plaintiff therefore fails to state any claim for relief under § 1983 arising out of his alleged inability to access the grievance process.

To the extent Plaintiff intends to allege that he was denied access to the courts because of his inability to use the S-phone system, he likewise fails to state any claim upon which relief may be granted. Prisoners have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, the Supreme Court has made clear that in order to adequately allege a cause of action for deprivation of the right of access to the courts, an inmate must demonstrate that he suffered some actual injury to his right of access. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). Plaintiff fails to allege in his amended complaint any facts demonstrating

that he has suffered an actual injury to his right of access arising out of his inability to utilize the S-phone system and, thus, Plaintiff fails to adequately allege a viable access to courts claim.

2.   *Communication with Loved Ones*

Plaintiff asserts that because of his inability to read and write and, thus, his inability to utilize the S-phone system, he has been unable to communicate with loved ones. It is well established that prisoners have a First Amendment right to communicate with those outside of confinement. *Valdez v. Rosenbaum*, 302 F.3d 1039, 1048 (9th Cir. 2002) ("We 'sensibly and expansively' define the First Amendment right at issue in this case as the right to communicate with persons outside prison walls."); *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam) (Prisoners have "a First Amendment right to send and receive mail.").

Plaintiff alleges no facts demonstrating that he was prevented from communicating with loved ones because of his inability to utilize the S-phone system. Even assuming the S-phone system inhibited Plaintiff's ability to communicate with others outside of confinement in writing, the record makes clear that the S-phone system includes a telephone which would have presumably permitted Plaintiff to communicate with others verbally had he a desire to do so. The Court notes as well that if Plaintiff were unable to communicate with others using the S-phone because of his inability to read and write, he presumably would have experienced a similar limitation in communicating with loved ones in writing even in the absence of the S-phone system. Plaintiff fails to demonstrate that the SCJC's S-phone system was the cause of his alleged inability to communicate with loved ones.

3.   *Requests for Inmate Services*

Plaintiff asserts that he was "unable to request help" because of his inability to use the S-phone system, though he fails to allege in his amended complaint any specific facts in support of

REPORT AND RECOMMENDATION
PAGE - 6

this assertion or to provide any explanation of the precise contours of this claim. Nonetheless, the record reveals that Plaintiff used the S-phone system on multiple occasions to make requests or raise concerns with jail staff. (*See* Storie Decl., Attach. D.) The record further reflects that Plaintiff made a number of oral requests of staff during the course of his incarceration at SCJC. (*See id.*, Attach. E.) There is simply no evidence in the record demonstrating that Plaintiff was denied access to jail services because of his alleged inability to utilize the S-phone system.

      C.      **Excessive Seclusion**

Plaintiff asserts that his rights were violated when he was placed in seclusion for nine months where he was confined for 23 hours each day. (Am. Compl. at 3.) Plaintiff claims that he had nothing to do besides stare at the walls which was detrimental to his mental health. (*Id.*) The record makes clear that Plaintiff's housing assignment was based on the fact that he was classified by prison staff as a maximum custody detainee. (Storie Decl. at 2, Attach. A.) Plaintiff's classification was determined using an Inmate Risk Assessment Tool, and the factors which contributed to Plaintiff's maximum custody classification included the fact that he had a pending murder charge, prior criminal history, and multiple prior incidents of hostility towards corrections deputies. (*See id.*)

It is well established that a prisoner does not have a liberty interest in a particular classification status. *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing *Moody v. Daggett*, 429 U.S. 78 (1976)). Likewise, a prisoner does not have a protected liberty interest in the location of his confinement. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). Thus, to the extent Plaintiff seeks to challenge decisions regarding where in the Jail he was housed, how he was classified, and the constraints associated with such decisions, he has not stated any claim upon which relief may be granted under § 1983.

REPORT AND RECOMMENDATION
PAGE - 7

To the extent Plaintiff's claim of excessive seclusion can be interpreted as a challenge to the conditions of his confinement, Plaintiff fails to establish any violation of a constitutional right. Plaintiff was a pretrial detainee at times relevant to this action. The Supreme Court has held that a pretrial detainee "may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, when evaluating the constitutionality of conditions of pretrial confinement, the proper inquiry is whether those conditions amount to punishment of the detainee. *Id*.

While the Due Process Clause protects pretrial detainees from punishment, not every disability imposed during pretrial detention constitutes "punishment" in the constitutional sense. *Id*. at 537. Thus, the test to be applied in determining whether particular restrictions and conditions imposed as a result of pretrial detention amount to punishment in the constitutional sense is whether there was an express intent to punish, or "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]. *Id*. at 538 (quoting *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-169 (1963)).

The Supreme Court has recognized that "maintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Id*. at 546. The Supreme Court has further recognized that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id*. at 547.

REPORT AND RECOMMENDATION
PAGE - 8

Defendant submitted evidence in support of its motion for summary judgment demonstrating that Plaintiff was classified as a maximum custody detainee at the SCJC because he was deemed a threat to the safety and security of the facility. (Storie Decl. at 2, and Attach. A.) Defendant also submitted evidence demonstrating that Plaintiff periodically engaged in disruptive and prohibited conduct during the course of his confinement at the SCJC. Plaintiff offers no evidence of his own to rebut that presented by Defendant which demonstrates that Plaintiff's confinement in a maximum security housing unit was not intended to punish him and that it was, indeed, reasonably related to legitimate government objectives; *i.e.*, ensuring the safety of SCJC staff, maintaining institutional security, and preserving internal order and discipline. Plaintiff fails to establish any constitutional violation arising out of his classification as a maximum custody detainee and his resulting placement in "seclusion."

## IV.    CONCLUSION

As it appears from the materials before the Court that there is no genuine dispute as to any material fact with respect to the claims asserted by Plaintiff in his amended complaint, Defendant is entitled to judgment as a matter of law. Accordingly, this Court recommends that Defendant's motion for summary judgment be granted, and that Plaintiff's amended complaint and this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

## V.    OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **September 25, 2019**. Objections, and any response, shall not exceed twelve pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's

motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the date that objections were due.

DATED this 4th day of September, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge